IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Linda L. Ranallo, | ) | CIVIL ACTION NO. 00-CV-227 DSD/JMM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| Media Loft, Inc., a Minnesota corporation, | ) | |
| | ) | |
| Defendant. | | |

PURSUANT TO THE ATTACHED CONFIDENTIALITY STIPULATION,

IT IS HEREBY ORDERED that the parties' Confidentiality Stipulation is adopted as a Protective Order issued by this Court pursuant to Fed. R. Civ. P. 26.

Dated this 10 day of March, 2000.

John M. Mason
United States Magistrate Judge

GP:677751 v1

FILED MAR 10 2000
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Linda L. Ranallo, | ) | CIVIL ACTION NO. 00-CV-227 DSD/JMM |
| Plaintiff, | ) | |
| vs. | ) | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| Media Loft, Inc., a Minnesota corporation, | ) | |
| Defendant. | ) | |

IT IS HEREBY STIPULATED AND AGREED by the parties to this action, through their respective undersigned attorneys, as follows:

1. The parties consider certain of the documents and information that have been or may be requested in this lawsuit to be confidential and/or proprietary.

2. The parties may designate documents and information as "CONFIDENTIAL" in the following manner:

a. by imprinting the word "CONFIDENTIAL" on the first page or cover page of any document produced;

b. by imprinting the word "CONFIDENTIAL" next to or above any answer to an interrogatory;

c. by stating in writing that certain documents that they may inspect are "CONFIDENTIAL"; or

d. with respect to portions of a deposition or hearing transcript, (i) by making arrangements with the court reporter to bind the confidential portions of the transcript separately and to label them as "CONFIDENTIAL," or (ii)

MAR 10 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

by placing a statement on the record in the course of the deposition or hearing.

3. The parties shall not disclose the documents and information provided which have been designated as "CONFIDENTIAL" to anyone other than the following:

a. The parties' attorneys of record and any person employed by them;

b. Defendant, through its representatives for the purpose of preparing for discovery, depositions, trial or resolution of the case, and Plaintiff;

c. expert witnesses who have, prior to the disclosure, agreed in writing to be bound by the terms of this protective order;

d. the Court and its staff;

e. court reporters, to the extent necessary to conduct depositions or the trial in the case;

f. such other persons as the parties may agree in writing;

g. such other persons as the Court may specifically approve after notice and hearing; and

h. mediators in the case.

4. The people to whom paragraph 3 above permits disclosure of "CONFIDENTIAL" documents and information shall make no use of the "CONFIDENTIAL" documents and information other than to conduct this litigation.

5. All pleadings, motion papers, memoranda, affidavits, declarations, exhibits, transcripts, and other papers filed with the Court that contain any confidential material shall be marked: "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." Such papers shall be filed with the Court in a sealed

envelope, endorsed with the caption of this action, the purpose to which they relate, and a statement in the following form:

> "This envelope contains documents filed in this action by [name of Party], generally described as [title or description of document], and is not to be opened, except for review by the Court, nor are the contents thereof to be disclosed except by order of this Court."

6. Before trial, counsel for the parties shall agree as to the appropriate means of protecting the confidentiality of the documents and information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

7. There shall be no reproduction whatsoever of any "CONFIDENTIAL" documents or information, except that, as required in the course of this litigation, copies, excerpts, or summaries may be shown or given to those persons authorized by this Confidentiality Stipulation and Protective Order to receive such documents or information.

8. All documents and information identified as "CONFIDENTIAL," including all copies, excerpts, and summaries, must be retained in the custody of counsel and other persons authorized by this Confidentiality Stipulation and Protective Order during the pendency of this litigation except as provided in paragraph 7 above.

9. In the event that a party desires to provide access to information or documents identified as "CONFIDENTIAL" to any person not identified in paragraph 3 above, they shall request permission to do so from the opposing party. The parties shall not unreasonably refuse to grant such permission. In the event that a party does not give

permission, an opposing party may move this Court for an order that that person may be given access to the document or information. In the event that a party grants permission or the motion is granted, the person receiving the "CONFIDENTIAL" document or information may have access to the "CONFIDENTIAL" document or information only if that person agrees in writing, before access is given, to be bound by the terms of this Confidentiality Stipulation and Protective Order.

10. Upon final termination of this action, including all appeals, a party holding information that has been designated as "CONFIDENTIAL" shall return the "CONFIDENTIAL" information, including all copies thereof, to the party who produced the information, or make appropriate arrangements for the destruction of the "CONFIDENTIAL" information, and all copies thereof, and provide a written acknowledgment of such destruction to the party who produced the "CONFIDENTIAL" information, unless the parties mutually agree otherwise.

Dated: March 8, 2000.

WILLIAM M. DICKEL

By [signature]
William M. Dickel (#22603)
1055 East Wayzata Boulevard
Suite 300
Wayzata, MN 55391
Telephone: (612) 475-1515
Telecopier: (612) 475-0311

ATTORNEY FOR PLAINTIFF

Dated: March 10, 2000.

GRAY, PLANT, MOOTY,
MOOTY & BENNETT, P.A.

By [signature]
Judith Bevis Langevin (#36092)
Kristyn Aceto Garofalo (#267752)
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402
Telephone: (612) 343-2800
Telecopier: (612) 333-0066

ATTORNEYS FOR DEFENDANT
THE MEDIA LOFT, INC.

GP:677751 v1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: MAR 10 2000

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995